---

LAMONT SHOLAR,

                            Plaintiff,

            v.                                                              Case No. 25-cv-0696-bhl

RACHEL MATUSHAK et al.,

                            Defendants.

---

## DECISION AND ORDER

---

Plaintiff Lamont Sholar is incarcerated at the Redgranite Correctional Institution and representing himself in this 42 U.S.C. §1983 case. Sholar asserts, in part, that Defendants Rachel Matushak, Jennifer Kilmer, and Shane Garland violated the Eighth Amendment when they were deliberately indifferent to his complaints of significant foot pain from his orthotic shoes. *See* Dkt. No. 21. On March 4, 2026, Defendants moved for partial summary judgment on the ground that Sholar failed to exhaust the available administrative remedies on his claims against Matushak, Kilmer, and Garland.[1] Dkt. No. 33. For the reasons explained below, the Court will deny the motion.

### BACKGROUND

At the relevant time, Sholar was incarcerated at the Green Bay Correctional Institution, where Matushak and Kilmer worked as nurses, and Garland worked as the Health Services Manager. On February 3, 2025, Sholar submitted inmate complaint GBCI-2025-1704, in which he identified his issue as follows: "Nursing staff is not only intercepting my [Health Services Unit] request to the Special Needs Committee & answering themselves, while at the same time not addressing issues I have by pushing them to the [Special Needs Committee]." Dkt. No. 36-3 at 11. In explaining the details of the issue, Sholar asserted that he had been complaining about problems with his medical shoes, but nurses were giving him the runaround. According to Sholar, nurses were denying his requests on the ground that the requests could be addressed only by the Special Needs Committee, yet, at the same time, the nurses were refusing to deliver his requests

---

[1] Sholar is also proceeding on claims against Defendants Cierria Bretzel and Angela Thompson, who both acknowledge that Sholar exhausted the administrative remedies on his claims against them.

to the Special Needs Committee. *Id.* Sholar noted, "If the policy tells me I have to address all issues concerning my shoes to the [Special Needs Committee] but yet Nurses in the [Health Services Unit] department intercepts my request & answer them their selves, then I'm being robbed of having my issues & concerns properly addressed by the appropriate authority." *Id.* at 11, 13. He also stated, "The same goes for when I see [Health Services Unit] staff regarding issues of concerns that they have the authority to address themselves, but yet they deflect the responsibility on the Special Needs Committee." *Id.* at 13.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Sholar was incarcerated when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). It has long been held that the exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

2

The parties do not dispute that Sholar pursued several inmate complaints through all levels of the inmate complaint review system. However, the parties dispute whether any of the inmate complaints provided notice to the institution of Sholar's claims against Matushak, Kilmer, and Garland. A "grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). It "need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming." *Id*. at 650.

The Court allowed Sholar to proceed on a medical care claim against Kilmer based on his allegations that she "denied Sholar's [health services] request even though she knew the new shoes were causing him pain . . . [and] that she violated policy by responding to his request instead of forwarding it to the special needs committee for consideration." Dkt. No. 21 at 2. Sholar was allowed to proceed on a medical care claim against Garland based on his allegations that he informed Garland about Kilmer's actions, but Garland ignored him. *Id.* And, finally, he was allowed to proceed on a medical care claim against Matushak based on his allegations that, after another nurse refused to address his concerns and again directed him to the Special Needs Committee, Matushak told him nothing was going to be done so he would be better off not filing any more request slips. Dkt. No. 21 at 2-3.

According to Defendants, the issues Sholar complained about in his inmate complaints are different from his claims against them. Specifically, Defendants assert that inmate complaint GBCI-2025-1704 did not provide notice to the institution of Sholar's claims against Matushak, Kilmer, and Garland because it was about Sholar's messages to the Special Needs Committee and none of these individuals is a member of the Special Needs Committee.

The Court concludes that inmate complaint GBCI-2025-1704 provided sufficient notice to the institution that Sholar believed health services staff was deliberately indifferent to his complaints of foot pain because (1) staff refused to address his concerns on the ground that only the Special Needs Committee could provide him with the relief he sought, and (2) staff also refused to deliver his requests to the Special Needs Committee. The Court acknowledges that Sholar's interactions with Matushak about these concerns occurred *after* Sholar submitted inmate complaint GBCI-2025-1704, but "prisoners need not file multiple, successive grievances raising the same issue . . . if the objectionable condition is continuing." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Sholar's claim against Matushak is based on the same issue he raised in inmate complaint GBCI-2025-1704—namely, that nurses were both refusing to provide him with relief

while also refusing to deliver his requests to the committee that they told him had the authority to provide him with relief.  Because Sholar satisfied the exhaustion requirement for his claims against Matushak, Kilmer, and Garland, Defendants' motion for partial summary judgment on exhaustion grounds must be denied.

**IT IS THEREFORE ORDERED** that Defendants' motion for partial summary judgment on exhaustion grounds (Dkt. No. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that Sholar's motion for leave to file a sur-reply (Dkt. No. 46) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the parties may move for summary judgment on the merits by **August 21, 2026**.

Dated at Milwaukee, Wisconsin this 9th day of July, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

4